LEOPOLD LINDAU, Appellant, *v.* THE ROYAL INSURANCE
COMPANY, Respondent.

*Supreme Court, First Department, General Term, November* 7, 1889.

*Pleadings. Demurrer.*—Where a compromise by plaintiff's attorney is set
up as a defense in an action on an insurance policy, the plaintiff can-
not, on demurrer, avail himself of the fact that his attorney had no
authority to compromise, where the complaint does not show such want
of authority.

Appeal from an interlocutory judgment overruling a de-
murrer to one of the defenses set up in the answer.

*Meyer J. Stein*, for appellant.

*S. Hanford*, for respondent.

BRADY, J.—This is an action upon a policy of insurance
brought to recover the amount of a loss by fire. The plaint-
iff is the assignee of the asserted claim. The answer con-
tained, amongst other things, the averment that after the fire
had occurred the plaintiff's assignor presented, as required
by the policy, an account of the loss sustained, but which
was false and fraudulent, as he well knew at the time he
presented it to the defendant, and that by reason of the
premises he forfeited all benefit under the policy. Then
follows the defense objected to, which asserts the com-
mencement by the assignor of various actions in the supe-
rior court of this city against companies whose policies he
had obtained, and, among others, one against this defend-
ant in that court, in which the complaint contains sub-
stantially the same allegations as those in the complaint
herein, excepting only the allegation touching the alleged

assignment of the policy; that the defendants in the said several actions in due season answering, set out in substance the same matters alleged herein, and that one of the actions, namely: that against the People's Fire Insurance Company of Worcester, Massachusetts, in which the defense was substantially the same as that set forth in the answer of this defendant, was brought to trial in this city and resulted in a judgment dismissing the complaint, with costs; after which occurrence the complaint in the action brought against this defendant by the plaintiff's assignor and then pending was, by consent of his attorney, dismissed, in consideration of the dismissal being allowed without costs; and that the policy of insurance was surrendered for cancellation, and has ever since remained, and still remains, in the possession of this defendant; and further, that a formal order of discontinuance of the suit was duly entered.

The learned justice in the court below disposed of the case in a very brief opinion, in which he said that though a portion of the answer was a useless historical recital, and did not pretend to state a defense, the material portion was contained in the final paragraph stating a settlement upon consideration and surrender of the policy, and certainly contained an averment which, if true, would defeat the claim.

The only suggestion made in regard to this view of the case, upon this appeal, is that the authority of an attorney does not extend to a compromise. He could not, therefore, settle the suit and conclude his client in reference to the subject matter of the litigation without the special authority of the latter, a proposition sustained by the citation of numerous authorities. It is not necessary to consider them, for the reason that while that legal proposition, if the facts warranted its application, might present a good response to the defence referred to, it could not avail the plaintiff upon demurrer, inasmuch as it does not appear from anything in the complaint stated that the attorney was not authorized to consent to the discontinuance pleaded.

The judgment appealed from should be affirmed, with costs, and the plaintiff, upon payment of costs, allowed to withdraw his demurrer.

VAN BRUNT, P. J., and DANIELS, J., concur.

### NOTE ON " WHAT TO BE CONSIDERED ON DEMURRER."

On a demurrer, the judgment is to be given against the first party whose pleading is defective in substance. · Corning *v.* Roosevelt, 33 N. Y. St. Rep. 154.

On a demurrer to an answer, the court will consider the whole record and give judgment to the party entitled thereto. Richards *v.* Brice, 15 Daly, 144.

The defendant, on a demurrer to the answer for insufficiency, may attack the sufficiency of the complaint. Wallerstein *v.* Amer. S. Co., 40 N. Y. St. Rep. 508.

A failure to state a cause of action in the complaint is a good objection to a demurrer to the answer thereto. Crasto *v.* White, 52 Hun, 473.

The defendant may, upon the argument of a demurrer to part of an answer, raise the objection that the complaint itself does not state facts sufficient to constitute a cause of action. Williams *v.* Williams, 58 H゚n, 610; 25 Abb. N. C. 217; People *v.* Booth, 32 N. Y. 397; Wilmore *v.* Flack, 16 W. Dig. 236; Parsons *v.* Hayes, 58 Supr. 29; Graham *v.* Dunnigan, 6 Duer, 629. Such objection, if well taken, is not only a complete answer to the demurrer, but requires a dismissal of the complaint. Id.

The court should, in determining a demurrer to one of the later pleadings in an action, consider the sufficiency of all the prior pleadings and render judgment against the party who has interposed the first insufficient pleading. Corning *v.* Roosevelt, 25 Abb. N. C. 220; 18 Civ. Pro. 399. Where, upon a demurrer for insufficiency to a reply to a counterclaim, the court finds that the reply is sufficient, but that the counterclaim and the complaint are both defective, judgment should be rendered in favor of the defendant upon the insufficient complaint. Id.

Even though an answer is· held insufficient on a demurrer thereto, the defendant will be entitled to judgment in case the complaint fails to state a cause of action. Harvey *v.* Brisbin, 16 N. Y. St. Rep. 42; People *v.* Booth, 22 N. Y. 397; Nixon *v.* Bentley, 7 How. 316.

Upon a demurrer to an answer, the court will, *it seems*, consider the sufficiency of the complaint, though a prior demurrer interposed by the defendant to such complaint has been overruled, and no appeal taken. Parsons *v.* Hayes, 14 Abb. N. C. 419; 50 Supr. 29. The former decision is not *res adjudicata.*

The sufficiency of the complaint is always in issue, and an objection to it, if well taken, is a complete answer to plaintiff's demurrer, and must

result in a dismissal of the complaint. Wilmore v. Flack, 16 W. Dig. 236.
The defendant may, on demurrer to the answer for insufficiency, attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action. People v. Booth, 32 N. Y. 397.